UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH STEVE SILVERII | CIVIL ACTION |
| VERSUS | NO: 25-1826 |
| DBMC RESTAURANTS, LLC, ET AL. | SECTION: "A" (3) |

## ORDER AND REASONS

The following motions are before the Court: **Motion to Dismiss (Rec. Doc. 13)** filed by individual defendants, Von Richard, Kyle Henry, and Theophilus Joseph; **Motion for Leave to File Supplemental Memorandum (Rec. Doc. 24)** filed by the plaintiff, Joseph S. Silverii, who is proceeding pro se.

Silverii opposes the motion to dismiss.

The motions, submitted for consideration on December 10, 2025, are before the Court on the briefs without oral argument.

**I.      Background**

Joseph S. Silverii, who is proceeding in proper person, has filed a complaint for employment discrimination against Von Richard, Kyle Henry, Theophilus Joseph, and DBMC Restaurants, LLC pertaining to Silverii's former employment at the Walk-On's Sports Bistreaux located in Thibodaux, Louisiana. Silverii, who worked as a dishwasher and later as part of the prep crew, worked at the restaurant from June 23, 2023 until he quit on July 27, 2024. Silverii contends that he was the "72-year-old white dude" that management wanted to be rid of. Theophilus Joseph was the manager; Von Richard

and Kyle Henry were Silverii's coworkers.[1]

Silverii initiated this lawsuit using the pro se department's standardized form for employment discrimination cases. Silverii checked the boxes for race/color discrimination, gender discrimination, age discrimination, and retaliation.[2] (Rec. Doc. 1, Complaint at 4).

Via the instant Rule 12(b)(6) motion, Von Richard, Kyle Henry, and Theophilus Joseph (hereinafter "the Individual Defendants") move to dismiss Silverii's complaint against them because non-employer individuals (co-workers and supervisors) cannot be held liable for employment discrimination under Title VII or the Age Discrimination in Employment Act ("ADEA").

## II.   Discussion

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff pleads factual

---

[1] The Court assumes that the references to "Vern" in Silverii's narratives are actually supposed to be references to Von Richard.

[2] The Court assumes that Silverii erred in checking the box for gender discrimination because that claim was not part of his EEOC charge. Further, the interactions that Silverii complains about do not suggest gender discrimination. (Rec. Doc. 1-1, Charge of Discrimination).

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

In the context of a Rule 12(b)(6) motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

As a matter of law, there is no individual liability for Title VII and ADEA discrimination claims. *Hilliard v. Parish*, 991 F. Supp. 2d 769, 774 (E.D. La. 2014) (citing *Ackel v. National Comm., Inc.,* 339 F.3d 376, 381 n.1 (5th Cir.2003); *Smith v. Amedisys, Inc.,* 298 F.3d 434, 448 (5th Cir.2002)); *Coleman v. New Orleans & Baton Rouge S.S. Pilots' Ass'n*, 437 F.3d 471, n.7 (5th Cir. 2006) (noting that the term "employer" has been identically treated under the ADEA and Title VII). Silverii's federal claims against the Individual Defendants fail, and although he has requested leave to amend should the Court note any deficiencies with his complaint, Silverii's federal claims are legally

frivolous as to the Individual Defendants and cannot be cured via amendment. Dismissal with prejudice is appropriate.

Silverii essentially concedes as much but argues against dismissing the Individual Defendants from the lawsuit because, he argues, they can be held liable under state law. To be clear, Silverii's original complaint does not allude to any state law claims much less expressly plead any. And although arguments raised in an opposition cannot be used to amend a pleading in order to add claims to a lawsuit, Silverii contends that the Individual Defendants could be liable under the Louisiana Employment Discrimination Law, La. R.S. § 23:301, *et seq.* ("LEDL"), and Louisiana Civil Code article 2315.

In reply, the Individual Defendants argue that with no valid basis to assert a federal claim against them, the Court lacks jurisdiction over any state law claims against them because there is no diversity of citizenship. This is incorrect. As Silverii points out in his surreply, original jurisdiction over the state law claims is not required because the Court can exercise supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a). Subject matter jurisdiction is not an impediment to any state law claims that Silverii may attempt to bring in this civil action.

But the Individual Defendants are absolutely correct insofar as they assert that in its current state, Silverii's complaint fails to allege facts sufficient to state a claim for relief against them under any theory of state law. First of all, LEDL claims only lie against the "employer," which is defined even more narrowly than under federal law. *Badgerow v. REJ Props., Inc.*, No. 17-9492, 2018 WL 354297, at * n.4 (E.D. La.

January 10, 2018) (Zainey, J.) (citing La. R.S. § 23:302(2); *Dejoie v. Medley*, 9 So. 3d 826 (La. 2009)). The Individual Defendants are not "employers" under the state statutory scheme so any claim against them under the LEDL is legally frivolous.[3]

Second, as the Court has already noted, no state law claims whatsoever are referenced in Silverii's original pleading. Silverii is correct insofar as his pro se pleadings must be liberally construed and judged by less stringent standards, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), but this does not mean that he is entitled to have unpleaded legal theories read into his civil action. The plaintiff is "master" of his complaint, *Cody v. Allstate Fire & Cas. Ins. Co.*, 19 F.4th 712, 715 (5th Cir. 2021), so he is entitled to rely on one body of law to the exclusion of another so the Court will not read causes of action into the pleadings that the plaintiff for whatever reason has failed to include.

That said, Silverii has requested leave to amend his complaint to cure the deficiencies in his claims against the Individual Defendants. The Court has read all of Silverii's correspondence and narratives and the Court finds it highly unlikely that Silverii will be able to allege facts sufficient to state a claim against each defendant. But given that leave to amend should be freely given, *see* Fed. R. Civ. P. 15(a)(2), the Court will allow Silverii to move to amend his complaint in order to state a claim against the Individual Defendants.

Accordingly, and for the foregoing reasons;

---

[3] For purposes of the LEDL, an "employer" is a person receiving services from an employee and, in return, giving compensation of any kind to an employee.

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 13)** filed by individual defendants, Von Richard, Kyle Henry, and Theophilus Joseph, is **GRANTED IN PART**. The motion is **GRANTED** insofar as all federal claims asserted against Von Richard, Kyle Henry, and Theophilus Joseph are dismissed with prejudice. The motion is **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that the **Motion for Leave to File Supplemental (Surreply) Memorandum (Rec. Doc. 24)** filed by the plaintiff, Joseph S. Silverii, is **GRANTED**.

**IT IS FURTHER ORDERED** that by **December 31, 2025**, the plaintiff shall move to amend his complaint.

December 18, 2025

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE